(No. 40645.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* SAM TASSONE, Appellant.

*Opinion filed Sept. 24, 1968.—Rehearing denied Nov. 21, 1968.*

WARD, J., took no part.

ALBERT I. ZEMEL, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JOHN M. GOLDBERG, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Sam Tassone, was indicted in the circuit court of Cook County for the crime of theft. Following a bench trial the defendant was found guilty in October, 1965, and was sentenced to the penitentiary for one to three years. He appeals directly to this court contending, among other things, that his arrest was illegal and that evidence demonstrating that the truck he was driving was stolen should have been suppressed.

On July 26, 1964, two police officers of the Forest View Police Department observed a semi-trailer truck parked behind a motel at approximately 7:30 P.M. On the side of the truck was printed the name "Interstate Motor Freight System." On approaching the truck the officers observed

that it was unoccupied although the keys were in the ignition. The truck was then placed under surveillance, during which time the officers notified the police station and asked that Interstate be contacted in order to ascertain whether the truck had been stolen.

After having watched the truck for approximately three hours, the officers observed an automobile containing three occupants arrive at the scene, but apparently the automobile did not come from the motel. One of the occupants, the defendant, left the automobile, entered the truck and proceeded to drive it away. The officers followed the truck and curbed it after it had been driven about one-half mile. The defendant thereupon produced his driver's license but, according to the officers, refused to answer any questions pertaining to his possession of the truck. He was then placed under arrest and the truck taken into possession by the police.

A motion to suppress was originally granted by the trial judge. Shortly before defendant's trial, however, the trial judge asked for further argument and denied the motion to suppress. At the hearing on the motion, one of the arresting officers testified he had received word from the police station prior to defendant's arrest that the truck had been stolen from Interstate. On cross-examination, however, the officer admitted testifying before the grand jury that he had no knowledge that the truck had been stolen until after the defendant had been arrested. The Forest View police station's operating log, introduced in evidence by the defendant, indicates that, although the dispatcher had been requested by the investigating officer to ascertain whether or not the truck had been stolen, no such ascertainment was made prior to defendant's arrest. The State, moreover, apparently concedes that the arrest took place before the officers learned that the truck was stolen, but argues that even without this knowledge, the police had reasonable grounds to arrest the defendant.

We need not decide whether the search and seizure can be sustained under the traditional test of whether it was incident to an arrest without a warrant based on probable cause to believe that the defendant had committed or was committing a felony. The validity of all searches and seizures must be determined from the facts and circumstances in each case in the light of the fourth amendment's proscription of unreasonable searches and seizures and consistent with the opinions of the United States Supreme Court. (*Ker* v. *California,* 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623.) In *Terry* v. *Ohio,* 392 U.S. 1, the court held that a limited search could be reasonable without being incident to a valid arrest based on probable cause. Whether a search and seizure is reasonable depends upon whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified initial interference with a defendant's personal security. In making this determination an objective standard is to be applied: would the facts available to the officer at the moment of the seizure or the search warrant a man of reasonable caution to believe that the action taken was appropriate? *Terry* v. *Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, 1879, 1880.

In light of the guidelines set forth in the *Terry* case, the facts of this case indicate that the stopping of the truck was entirely proper and reasonable. The officer, as a representative of the law enforcement arm of government, was interested in effectively discovering and preventing crime, and this interest justified the officer in approaching the defendant to investigate the suspicious circumstances and possibly criminal behavior. While there would be nothing suspicious in defendant's merely entering and driving a truck, suspicion was reasonably aroused when a truck, which has been parked behind a motel on a Sunday for at least three hours, and which had the keys in the ignition, was entered by someone arriving at the scene by automobile and not

from the motel behind which the truck was parked. This conduct warranted further investigation, and the officer would have been less than diligent if he failed to approach the defendant for an explanation.

Nor did the arrest, or "seizure," of defendant become unreasonable because of what happened subsequently. The "search", if that is what it can be called, was extremely limited in scope, consisting of an examination of the authority of defendant to operate a truck on the public highways of Illinois. At that point, it became apparent that defendant was not authorized to operate the vehicle which he was driving, and, in view of the previous location of the truck, the keys in the ignition, and the approach to the vehicle from an automobile as opposed to the motel, the officer had probable cause to believe that defendant was committing an offense. The subsequent "arrest," or taking of defendant into custody which can be classified as a more intensive "seizure" than the original stopping for investigation, was therefore perfectly justifiable and reasonable within the meaning of the fourth amendment.

The defendant next contends that the State failed to prove a material and essential allegation of the indictment with respect to the ownership of the truck and its contents. The failure to prove a material allegation of an indictment beyond a reasonable doubt is fatal to a judgment of conviction. (*People* v. *Walker*, 7 Ill.2d 158; *People* v. *Cohen*, 352 Ill. 380.) Here the indictment alleged that the defendant had knowingly obtained "unauthorized control over a tractor trailer and one lot of merchandise, of the value of more than $150, the property of Interstate Motor Freight System, Inc. * * *."

The purpose served by identifying the person or property involved is to enable the accused party to plead either a former acquittal or conviction under the indictment in the event of a second prosecution for the same offense. This requirement is founded upon the protection of the

12

right of the accused against double jeopardy and as such is a substantial requirement designed to safeguard a constitutional right and is not a mere technical rule. (*People v. Walker; People v. O'Brien,* 404 Ill. 236.) We believe that sufficient proof of ownership was made here to safeguard defendant's right not to be placed in double jeopardy. It is undisputed that the truck had the name "Interstate Motor Freight System" painted on its side. An officer of Interstate Motor System testified as to the corporate existence of the company and stated that his company owned tractors and trailers which were normally kept in the company garage in Cicero, Illinois. This evidence was sufficient to show that the truck was the property of Interstate and would protect defendant against a second prosecution charging defendant with the same offense.

Defendant's final contention is that the State failed to prove that the truck had a value of over $150. In order to sustain a conviction of a felony the value of the property stolen must be shown to be in excess of $150. (*People v. Kurtz,* 37 Ill.2d 103.) It is true that in this case there was no direct proof of value. However, it has been well recognized that judicial notice may be taken of the fact that property has some value, although the courts have been reluctant to take notice of any specific value. (*People v. Kurtz,* 37 Ill.2d 103; *People v. Price,* 81 Ill. App. 2d 111; *People v. Kelly,* 66 Ill. App. 2d 204.) We see no valid reason why notice may not be taken in a case such as this that the property has a value of over $150. Courts do not operate in a vacuum; they are presumed to be no more ignorant than the public generally, and will take judicial notice of that which everyone knows to be true. (*Owens v. Green,* 400 Ill. 380, 394.) To say that it is not common knowledge that a large tractor and trailer are worth more than $150 is to close our eyes to reality. We do not take judicial notice of the exact value of the property but we do take notice that it is worth more than $150.

We are of the opinion that there was no unreasonable search and that all the material elements of the crime were established. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.