THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY M. WATSON, Defendant-Appellant.

(No. 73-176;

Second District—December 18, 1974.

238

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H. Heise, Assistant Public Defender, of counsel), for appellant.

John J. Bowman, State's Attorney, of Wheaton (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

A jury convicted defendant of possession of burglary tools. (Ill. Rev. Stat. 1971, ch. 38, § 19—2.) He appeals contending: (1) he was not proven guilty beyond a reasonable doubt; (2) the court erred in refusing to instruct the jury that they should not find defendant guilty unless the facts and circumstances proved excluded every reasonable theory of innocence; (3) the court erred in denying defendant's motion to suppress evidence obtained from his automobile; and (4) he was denied his right to a fair trial by discrepancies in the testimony of the state's primary witness as given at the motion to suppress and at the trial.

Illinois State Trooper DeDiemar testified at trial that at about 1:30 A.M. on November 23, 1972, he observed a vehicle, its lights off, parked approximately 5 feet from the office door of a closed auto service station. In the light of his car's headlamps, the trooper observed two persons in the parked vehicle. Within thirty seconds, the vehicle, squealing its tires, sped from the service station and traveled approximately 100′ before turning on its lights. The trooper followed, attaining a speed up to 85 mph, and after roughly a mile and a half, overtook and curbed the vehicle. As he did so, he saw, in the beam of his spotlight, a third person sit up in the back seat of the curbed auto. The trooper approached the auto, shone his flashlight into the back seat and observed the third occupant crouched on the back seat with an ax between his legs; a lug wrench protruded from under the front passenger's seat and was partially covered by a floor mat. The trooper retrieved the ax and radioed a passing sheriff's patrol car for assistance. With the sheriff present, the defendant (identified as the driver) and his passengers were ordered out

of the car and searched. Upon finding a pair of surgical gloves in the pocket of one passenger, the entire car was searched. Found in its interior, in addition to the lug wrench and ax earlier mentioned, were two pair of pliers, a small pry bar, a rubber-coated flashlight, and a small spatula. A small bolt cutter, wire cutter, tin snips, small screwdriver, and a pocket pen-flashlight were found in the glove compartment; a second lug wrench and a ballpeen hammer were found in the trunk. Defendant and the two passengers were arrested. During defendant's trial for possession of burglary tools, items found in the search were introduced into evidence.

■■ The defendant maintains he was not proven guilty beyond a reasonable doubt. In order to sustain a conviction for possession of burglary tools, the State must prove that the defendant possessed tools adapted and designed for breaking and entering and that they were possessed with knowledge of their character and with the intent to commit a felony or theft. The required intent must ordinarily be shown by circumstantial evidence in the absence of a confession. *People v. Faginkrantz*, 21 Ill.2d 75, 79-80 (1960); Ill. Rev. Stat. 1971, ch. 38, § 19—2.

The defendant contends that the circumstantial evidence presented by the State failed to establish beyond a reasonable doubt the requisite intent to commit a felony because there was no evidence that a burglary had in fact been committed. This proposition is not supported by law. In cases where no burglary had been committed, the necessary intent for possession of burglary tools has been found in the total factual circumstances. (*People v. Faginkrantz, supra*; *People v. Ray*, 3 Ill.App.3d 517 (1972), *reversed on other grounds*, 54 Ill.2d 377 (1973); *People v. Esposito*, 18 Ill.2d 104 (1959).) In affirming the conviction for possession of burglary tools, the court in *Faginkrantz* found the necessary criminal intent from the facts that the defendant was illegally parked in an alley behind a plumbing supply firm at 4:30 A.M. with his motor and lights off, that he was far from home, that his being there was unsubstantiated, and that he had in his possession tools adapted to breaking and entering. In *Ray*, the defendant was arrested at 10:15 P.M. in an alley behind a photography studio, wearing gloves, carrying a pry bar and a flashlight. Gouge marks were found outside two windows of the building, but tests failed to prove defendant's pry bar made the remarks. Despite there having been no burglary committed, the court held there was sufficient evidence of the requisite criminal intent for possession of burglary tools. The necessary intent in *Esposito* was based upon the facts that the defendant was an unemployed laborer and had no apparent use (in his lawful employment) for the equipment found in his car. He was stopped

by police, late at night, many miles from his home, driving in the company of a person who fled when the car was stopped. His statements concerning the tools were contradictory.

■■ The facts in the instant case establish sufficient evidence upon which to base a finding that the defendant had the requisite intent: he was parked at a closed gas station at 1:25 A.M., departed at a high speed with his headlights off, the passenger in the back seat behaved in a furtive manner, and the car contained many instruments suitable for breaking and entering.

■■ Defendant next contends that the trial court erred in refusing to give defendant's instruction which included both paragraphs of IPI—Criminal No. 3.02. The proof of the defendant's possession of the tools in question, one of the elements of the offense, was by means of direct evidence based upon the eye witness observations of the arresting officers. Since both direct and circumstantial evidence were utilized in establishing defendant's guilt, the court properly refused the defendant's requested instruction. *People v. Christiansen*, 118 Ill.App.2d 51, 56-57 (1969).

The defendant next contends that the court erred in denying his motion to suppress evidence obtained as a result of the search of the car. While repetitious in some respects, we deem it necessary to relate the evidence presented at the hearing on the motion. Trooper DeDiemar testified that at 1:25 A.M. he saw a car with its lights off, parked at a closed gas station; that he pulled into the gas station across the street and subsequently saw defendant's car exit from the gas station, without lights, at a "high rate" of speed; that he followed the car for 1½ miles traveling at a speed between 65 and 70 mph and eventually curbed the vehicle; that in shining his flashlight into the back seat of the car he saw a heavily-taped ax between the legs of one of the occupants and a lug wrench protruding from the right side of the front seat; that he ordered the occupants out of the car and radioed a passing sheriff's police squad car to assist him; that on arrival, the sheriff told the trooper that all three of the occupants of the car were known burglars in the Du Page County area; that the car was then searched; that he did not have a search warrant, and that at the time of the search none of the occupants of the car had been arrested. Trooper DeDiemar also testified that he did not issue a traffic citation, nor did he observe the occupants of the car commit any crime.

The threshhold question is whether the investigatory stopping of the car was reasonable within the limitations imposed by the fourth amendment. Without deciding whether the defendant was under "arrest" at the time of the search, we hold that in these circumstances the investiga-

tory stop was justified under the authority of *People v. Tassone,* 41 Ill.2d 7 (1968), *cert. denied,* 394 U.S. 965 (1969). In *Tassone,* two police officers observed an unoccupied semi-trailer truck, keys in the ignition, parked behind a motel. The truck was placed under surveillance. After a 3-hour period an automobile drove up and one of the occupants, the defendant, left the car, entered the truck and drove it away. The officers followed the truck a short distance before curbing it. The defendant produced his driver's license but refused to answer any questions pertaining to the possession of the truck. He was placed under arrest and the truck was taken by the police. The trial court denied the defendant's motion to suppress. The supreme court sustained the denial of the motion stating that there was no need to determine whether the search and seizure of the defendant and the truck were incident to an arrest. Rather, the validity of the search was determined by whether the "facts available to the officer at the moment of the seizure or the search warrant a man of reasonable caution to believe that the action taken was appropriate." (*People v. Tassone,* 41 Ill.2d 7, 10.) In holding that the stopping of the truck was proper and reasonable, the court applied guidelines set forth by the United States Supreme Court in *Terry v. Ohio,* 392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868 (1968). Under these guidelines, the fact that the policemen had a legitimate interest in effectively discovering and preventing crime justified their approaching the defendant to investigate the suspicious circumstances surrounding his driving away with the truck.

■■ The circumstances of the instant case similarly justified the trooper's stopping of the car, and the subsequent seizure of the lug wrench and ax was also justified under the plain view doctrine, both items having been in open view to the trooper. *People v. Joyner,* 50 Ill.2d 302, 310 (1972).

The further search of the car and the seizure of additional burglary tools were reasonable and did not violate the fourth amendment's proscriptions against unreasonable searches and seizures. It is a well established principle of law that where there is probable cause to believe that the contents of a car offend against the law, a warrantless search may be reasonable. (*Carroll v. United States,* 267 U.S. 132, 69 L.Ed. 543, 45 S.Ct. 280 (1925); *Chambers v. Maroney,* 399 U.S. 42, 26 L.Ed.2d 419, 90 S.Ct. 1975 (1970); *People v. Joyner,* 50 Ill.2d 302 (1972).) Probable cause was established in the instant case by the suspicious conduct of the auto's occupants and by the plain view presence of the ax and lug wrench. The trial court correctly denied defendant's motion to suppress evidence.

■■ Defendant last argues that he was deprived of his right to a fair

trial and bases his claim on discrepancies in the testimony of the arresting officer at the motion to suppress evidence and at trial. We have reviewed the claimed discrepancies and find them to be minor, lacking in substance and unrelated to matters essential in proving the elements of the crime charged. Further, any discrepancies should have been brought to the jury's attention during cross-examination of this witness at trial; this was not done. By failing to raise such conflicts in testimony at the trial court, in order that the trier of fact might fully evaluate the credibility of this witness, defendant waived his right to object on appeal to those discrepancies.

For these reasons, the judgment is affirmed.

Judgment affirmed.

GUILD and RECHENMACHER, JJ., concur.