THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY BUDZYNSKI, Defendant-Appellant.

(No. 74-339;

Second District (1st Division)—August 25, 1975.

Ralph Ruebner and Peter B. Nolte, both of State Appellate Defender's Office, of Elgin, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

Following a trial by jury, the defendant, Henry Budzynski, was convicted of possession of burglary tools, and was sentenced to 1 to 2 years' imprisonment. On appeal, the defendant contends that the court erroneously refused the defendant's tendered instruction on circumstantial evi-

dence, which stated that the jury should not find the defendant guilty unless the facts and circumstances exclude every reasonable theory of innocence. (IPI—Criminal 3.02.) We conclude that this instruction, which is given only when the proof of guilt is entirely circumstantial, was properly refused by the trial court, and we therefore affirm the judgment.

At the trial, the first witness presented by the State, Donald DeDiemar of the Illinois State Police, testified that during the early morning hours on November 23, 1971, he was patroling the vicinity of Illinois Routes 53 and 64 in Du Page County, Illinois. At the intersection of these roads, four gas service stations are located. Officer DeDiemar observed that all four establishments were closed for business and were unlighted except for dim lights emanating from the offices of these stations. He had parked his vehicle in one of the stations while waiting to pursue traffic violators. At approximately 1:10 a.m., he pursued a traffic violator and returned to the intersection in approximately 10 minutes. As he turned his well-marked sheriff's police car into the Texaco station, the lights on his vehicle illuminated a car that was parked within 4 or 5 feet from the office door of the Shell station. Officer DeDiemar testified that this car had not been present when he left the area 10 minutes earlier to pursue the traffic violator. According to his testimony, within 5 seconds after he had returned to the Texaco station, the driver of the car which was parked at the office door of the Shell station drove that vehicle from the station, proceeded westbound at a high rate of speed, and traveled 50 to 100 feet on the road without any exterior or interior lighting on the vehicle. Officer DeDiemar pursued the vehicle, which he testified was driven at approximately 70 miles an hour and curbed it after a 2-mile pursuit.

Having curbed the vehicle, he approached it and observed two passengers and the driver. While shining his flashlight into the rear seat to observe defendant Budzynski, Officer DeDiemar saw that the defendant was holding an ax, and thereupon he ordered the three men out of the vehicle. At this point, Dennis Anderson of the Du Page County sheriff's office arrived and assisted DeDiemar. While searching the clothing of the three men, Deputy Anderson found a pair of rubber surgical gloves in the coat pocket of Charles Zahn, who was one of the passengers. Officer DeDiemar testified that he found three bolt cutters, a small flashlight, a small screwdriver, and a prybar in the glove compartment of the vehicle. Under the front passenger's seat, he found a small spatula, two lug wrenches, and a flashlight. He testified that he observed bulges under the rear floor mat of the vehicle, and his search of that area produced two pairs of pliers. A ball peen hammer and a large screwdriver were found in the trunk of the vehicle. Officer DeDiemar testified that in response

to his inquiry regarding these tools and surgical gloves, one man stated that he was a carpenter; another stated that he was a plumber; and the third man responded that he was a tree surgeon.

The testimony of the next witness, Dennis Anderson of the Du Page County sheriff's office, corroborated the testimony of Officer DeDiemar regarding the search of the vehicle. Deputy Anderson further testified that he had investigated over a hundred burglaries in the course of his duties, and based upon his experience in investigating burglaries, he was permitted to explain techniques of breaking and entering and the manner in which the tools found in the vehicle could be utilized as burglary tools. On cross-examination, Deputy Anderson testified that the tools were not exclusively designed as burglary tools, but rather were ordinary hand tools.

Richard O'Gorman, the attendant at the Shell service station, testified that he had closed the station at 11 p.m. on the night in question, that there were no cars parked in front of the office door, and that he had not given any one permission to park a vehicle there.

Roy Watson, the driver of the vehicle in which the defendant was a passenger, testified on behalf of the defendant that the defendant, Mr. Zahn, and himself had been drinking that night, that they had stopped at a tavern near the Shell station, and that he had driven from the tavern to the Shell station. He asserted that he had been parked at the Shell station approximately 5 minutes, while they discussed their next destination. Mr. Watson testified that he saw Officer DeDiemar's squad car just as they decided to proceed to their next destination. On cross-examination, Mr. Watson did not recall his prior in-court testimony that he had parked his vehicle at the Shell station for 2 or 3 hours. His testimony was further impeached by the introduction of a 1971 burglary conviction.

The testimony of Mr. Zahn, the other passenger in the vehicle, corroborated the direct testimony of Mr. Watson.

During the conference on instructions, defense counsel objected to the State's tendered instruction on circumstantial evidence, which consisted of the first paragraph of IPI—Criminal 3.02. Defense counsel argued that since the evidence was entirely circumstantial, the second paragraph of this instruction should be given as well, and he tendered this instruction. This second paragraph states:

> "You should find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."
> (IPI—Criminal 3.02.)

The Committee Notes state that this paragraph of the instruction should be given only when the proof of guilt is entirely circumstantial. The court ruled that the evidence was not entirely circumstantial, granted the

State's tendered instruction, and refused the defendant's tendered instruction.

The jury found the defendant guilty of possession of burglary tools, and subsequently, the defendant was sentenced to a term of 1 to 2 years' imprisonment.

On appeal, the defendant contends that the trial court erroneously instructed the jury in failing to give the second paragraph of IPI—Criminal 3.02, as set forth above. The defendant argues that, in the case at bar, the only issue presented to the jury was whether the defendant intended to use the tools for breaking and entering. Since proof of the defendant's intent was based on circumstantial rather than direct evidence, the defendant asserts that the proof of guilt was entirely circumstantial, and that consequently, this instruction should have been given. We disagree.

■■ In a prosecution for possession of burglary tools, the State must prove: (1) that the tools are adapted and designed for breaking and entering; (2) that the defendant possessed them with knowledge of their character; and (3) that the defendant intended to use them for breaking and entering. (*People v. Faginkrantz* (1960), 21 Ill.2d 75, 79, 171 N.E. 2d 5, 7; *People v. Spencer* (1973), 10 Ill.App.3d 229, 232, 233, 294 N.E. 2d 17, 19.) It is evident that the defendant's intent, which because of its nature is usually established by circumstantial evidence (*People v. Johnson* (1967), 88 Ill.App.2d 265, 284, 232 N.E.2d 554), is only one element of the offense. Rather, the State must establish each and every element of the offense.

■■ In the case at bar, a review of the record discloses that both direct and circumstantial evidence was presented in establishing the defendant's guilt. Since the proof of guilt was not entirely circumstantial, we conclude that the court properly refused the defendant's tendered instruction. (*People v. Watson* (1974), 24 Ill.App.3d 237, 240, 321 N.E.2d 187; *People v. Springs* (1972), 2 Ill.App.3d 817, 820, 277 N.E.2d 764; *People v. Christiansen* (1969), 118 Ill.App.2d 51, 56, 57, 254 N.E.2d 156.) We therefore affirm the judgment.

Affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.