THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL SCOTT, Defendant-Appellant.

Second District   No. 77-437

Opinion filed May 8, 1978.

Mary Robinson and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was charged with burglary and the theft of a "True-tone" color T.V. set, having a value exceeding $150. After a jury trial, he was found guilty of theft of property exceeding $150 in value and sentenced to a term of 2 years 8 months to eight years in prison. The defendant's sole contention on appeal is that the State failed to prove, beyond a reasonable doubt, that the value of the stolen property exceeded $150.

The facts are as follows: Raymond Pederson, manager of Lord's Home Center and Lumber Company in Winnebago, Illinois, testified that on August 26, 1975, he discovered that the store had been broken into, and

that a number of items, including power tools and two television sets, were missing. Dixie Whetsel, who had been living with the defendant, testified that on August 24, 1975, the two argued while attending a party and Miss Whetsel returned home alone. The defendant returned on August 26, and then left in Miss Whetsel's car. She, in anger, phoned the police and signed a complaint against the defendant. When defendant returned her car, she found a black and white T.V. set, screw driver sets and other items in the car, which she turned over to the police. Later, on October 23, 1975, Miss Whetsel received a letter from the defendant. In the letter, the defendant stated that "Denney Corner" owed defendant $100 for a television set defendant sold him, and further, that there were "some things" behind the board around the furnace. Dixie Whetsel checked where defendant had indicated and found some electric tools. She brought these and the defendant's letter to the police. Shortly thereafter, the police obtained a "True-tone" color television set from Dennis Koerner, an acquaintance of defendant. The serial number on the set taken from Koerner matched the serial number of one of the television sets taken from Lord's Home Center. Dennis Koerner testified that on August 29, 1975, the defendant brought the television set to Koerner's home and offered to sell it to him for $100. They plugged the set in to see if it would work. It initially projected a color picture, but the picture faded to black and white and the color did not return. Koerner told defendant to come back later and take the set back, but the defendant never did so.

The State concedes that "there is not a large amount of evidence as to value in the record." In arguing that there was nonetheless sufficient evidence to sustain a conviction for theft of property exceeding $150 in value, the only express testimony which the State is able to direct our attention to, is the testimony of Dennis Koerner that the set appeared to be new, and that the retail value of a new color television set is approximately $300. Beyond this, the State has argued that this court can take judicial notice of the fact that the color television set, which was involved here, was worth more than $150, citing *People v. Tassone* (1968), 41 Ill. 2d 7. In *Tassone,* the court held that the trial court could validly take judicial notice of the fact that a large tractor-trailer rig was worth more than $150.

■■ However, these arguments are insufficient to sustain the defendant's conviction of theft of property valued at more than $150. Dennis Koerner's remark that an (implicitly) average color television set was worth $300, was not evidence that the particular set at issue was worth more than $150. In fact, any such inference was effectively negated by Koerner's refusal to pay even $100 for the set at issue here. The *Tassone* court's holding, that the trial court could take judicial notice of the fact that a large tractor-trailer unit was worth more than $150, has no

application here. To say that the fact that a "True-tone" color television set that only projects a black and white picture is worth more than $150 is not a matter of common knowledge is only stating the obvious.

■■■ In order to have a valid conviction for theft of property exceeding $150 in value, the value of the stolen property must be proven, beyond a reasonable doubt, to be in excess of $150. (*People v. Briseno* (1972), 2 Ill. App. 3d 814.) In the absence of any proof of this element of the State's case, we have no choice but to reverse the conviction and remand the cause for entry of a conviction and sentence for misdemeanor theft.

Reversed and remanded with direction.

SEIDENFELD, P. J., and GUILD, J., concur.