THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DANIEL G. JOSEPHINE, Defendant-Appellant.
First District (3rd Division)   No. 86—0942

Opinion filed December 30, 1987.

Alan R. Brunell, of Olympia Fields, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Joan E. Disis, and Jerome F. Marconi, Jr., Assistant State's Attorneys, of counsel), for the People.

JUSTICE WHITE delivered the opinion of the court:

A jury found defendant Daniel Josephine guilty of felony theft and the trial court sentenced defendant to three years' imprisonment. Defendant appeals.

On May 29, 1985, Darren Clinton and Lorenzo Owens stole a video cassette recorder (VCR) from Eddie Anderson's home. Clinton then went to a trailer home and sold the VCR to defendant for $100. Police subsequently arrested Clinton and on June 4, 1985, Clinton told Detective Jeff Wilkins the address at which he had sold the VCR. On June 7, 1985, Wilkins executed a search warrant for that address. He found the VCR there and he arrested defendant.

Defendant was charged with knowingly obtaining and exerting

unauthorized control over the VCR, with value in excess of $300, in violation of section 16—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)) in count I of the indictment. In count II he was charged with violating section 16—1(d)(1) (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(d)(1)), in that he "knowingly obtained control over [the VCR] ***, knowing the property to have been stolen *and* under such circumstances as would reasonably have induced him to believe that the said property was stolen by another." (Emphasis added.)

Eddie Anderson testified at trial that he purchased the VCR during December 1984 for $499 plus tax, marked down from $650. On cross-examination defense counsel asked him:

> "Subsequent to [purchasing the VCR] did you ever determine what its fair market value was?"

The trial court sustained the prosecutor's objection. After Anderson testified that he knew what "fair market value" meant, counsel asked:

> "[Y]ou know that to mean what it's worth in the market place, doesn't it?"

The trial court again sustained the prosecutor's objection on the grounds of relevancy.

At the close of the evidence, the court instructed the jury that it should find defendant guilty of theft under the first count of the indictment if it found that he knowingly obtained and exerted unauthorized control over the VCR with the intention of permanently depriving the Andersons of the use of the VCR. Concerning the second count the court told the jury:

> "A person commits the offense of theft over $300.00 when he knowingly obtains control over stolen property with a value in excess of $300.00 knowing the property to have been stolen by another, *or* under such circumstances as would reasonably induce him to believe the [property] was stolen ***." (Emphasis added.)

The trial court gave the jury one form to sign if it found defendant guilty of theft and one form for not guilty of theft.

■■ ■ On appeal defendant contends that the trial court improperly restricted cross-examination of Eddie Anderson concerning the fair market value of the VCR on the date that it was stolen. The State must establish that the property stolen had a fair cash market value in excess of $300 on the date of the theft in order to obtain a conviction for felony theft. (*People v. Cobetto* (1975), 32 Ill. App. 3d 696, 701, 336 N.E.2d 505, *affirmed in part and reversed in part*

(1977), 66 Ill. 2d 488, 363 N.E.2d 854.) Anderson was the State's sole witness concerning the value of the VCR. Defense counsel's questions were clearly relevant to the basis for Anderson's opinion concerning the fair market value of the VCR, and thus they were appropriate preliminary questions for a question regarding the fair market value of the VCR at the time of the theft. The scope of cross-examination in a criminal case rests within the sound discretion of the trial court. (*People v. Smylie* (1981), 103 Ill. App. 3d 679, 684, 431 N.E.2d 1130.) However the court should give the defendant wide latitude in cross-examining the State's witnesses. (*Smylie,* 103 Ill. App. 3d at 684.) In the case at bar the court abused its discretion when it disallowed relevant cross-examination of the one witness who testified regarding the value of the stolen property.

■ The State presented no evidence concerning the condition of the VCR at the time of the theft, not even to show that it was still functional. It presented no evidence to show the year that the VCR was manufactured. The State relied solely on Anderson's testimony that he purchased the VCR five months before the theft, for $499, marked down from $650. We cannot say that the evidence of the value of the VCR was so overwhelming that defendant suffered no prejudice as a result of the improper restriction of his cross-examination. (*People v. Langston* (1981), 96 Ill. App. 3d 48, 51, 420 N.E.2d 1090.) Accordingly, we reverse the conviction.

Because other issues that defendant raises are likely to arise again on retrial, we will address them in this opinion. Defendant argues that the jury instructions were incorrect because the crime defined in the instructions was not the same as the crime which was charged in the indictment. In both the indictment and the jury instructions defendant was charged with receiving stolen property in violation of section 16—1(d)(1) of the Criminal Code, but in the indictment he was charged with receiving the property both knowing the property was stolen and in circumstances that would reasonably induce him to believe that the property was stolen. In its instructions, the court told the jury it could find defendant guilty if it found either that defendant knew the property was stolen when he bought it or if he obtained it in circumstances which would induce him to believe it was stolen.

■ Jury instructions should "convey to the jury the correct principles of law applicable to the evidence so the jury can apply the proper legal principles to the facts and arrive at a proper conclusion based on the law and the evidence." (*People v. Peebles* (1984), 125 Ill. App. 3d 213, 217, 465 N.E.2d 539.) The instructions, using the dis-

junctive, accurately reflect the wording of the statute which defendant allegedly violated. (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(d).) Defendant's proposed instructions, like the indictment, do not state the applicable principles of law correctly, since those instructions would require the State to prove both defendant's knowledge and the circumstances. The indictment clearly informed defendant of the acts he allegedly performed and the statute which he violated; the trial court properly instructed the jury regarding the legal principles applicable to violation of that statute.

■■ Defendant next contends that the trial court improperly allowed the State to join two distinct offenses in a single count when it allowed the State to charge the defendant with receiving stolen property either knowing it to be stolen or in circumstances which would reasonably lead him to believe the property was stolen. A charge is insufficient if it names in a single count "disparate and alternative acts, any one of which will constitute the offense." (*People v. Heard* (1970), 47 Ill. 2d 501, 504, 266 N.E.2d 340.) The question, then, is whether receiving stolen property knowing it to be stolen is a separate and distinct act from receiving property under circumstances which would reasonably induce one to believe that the property was stolen.

■■ Prior to 1967 a conviction for receiving stolen property required a showing that the accused knew that the property was stolen. (Ill. Rev. Stat. 1965, ch. 38, par. 16—1(d).) The legislature amended the theft statute in 1967 to allow the court to convict the accused if the accused had received the property "under such circumstances as would reasonably induce him to believe that the property was stolen." (Ill. Rev. Stat. 1969, ch. 38, par. 16—1(d).) The revision codified case law developments which established that the guilty knowledge required to support a conviction for receiving stolen property "may be established by proof of circumstances which would induce belief in a reasonable mind that the property had been stolen." (*People v. Stewart* (1960), 20 Ill. 2d 387, 392, 169 N.E.2d 796.) Thus both of the alternatives stated in the disjunctive in the charge describe methods of proving the criminal mental state needed to find defendant guilty of receiving stolen property. Since the disjunctive in the indictment is not used between disparate acts, the trial court did not err when it allowed the State to name both of the means of proving that defendant had a criminal state of mind in a single count. *People v. Glass* (1976), 41 Ill. App. 3d 43, 52, 353 N.E.2d 214.

■■ Finally, defendant argues that the trial court did not give the jury proper verdict forms because the court gave the jury only one

form for finding defendant guilty of theft and one for not guilty of theft, although defendant was charged with two counts of theft. The jury must return separate verdicts when distinct offenses are charged in separate counts, but "when several counts merely state[] the same transaction in different forms a general verdict is sufficient." (*People v. Wurbs* (1976), 38 Ill. App. 3d 360, 366, 347 N.E.2d 879.) Our supreme court has held that the offense described in section 16—1(d) of the Criminal Code "is included within subsection (a)" and therefore it "is not a separate offense." (*People v. Marino* (1970), 44 Ill. 2d 562, 576, 256 N.E.2d 770.) The court upheld a conviction for receiving stolen property as a violation of section 16—1(a). (*Marino*, 44 Ill. 2d at 577; see *People v. Phoenix* (1981), 96 Ill. App. 3d 557, 560, 421 N.E.2d 1022.) We find that in the case at bar the two theft counts in the indictment merely charge the same transaction in different forms, and therefore the trial court properly submitted to the jury only forms for a general verdict of guilty or not guilty of theft. *People v. Mimms* (1976), 40 Ill. App. 3d 942, 946, 353 N.E.2d 186.

In sum, we find that the trial court improperly and prejudicially restricted defendant's cross-examination of Anderson, and therefore we remand for retrial.

Reversed and remanded.

RIZZI and FREEMAN, JJ., concur.