THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDLE ROBY, Defendant-Appellant.

First District (5th Division)   No. 1—89—0037

Opinion filed August 10, 1990.

Randolph N. Stone, Public Defender, of Chicago (Greg Koster and Aaron L. Meyers, Assistant Public Defenders, of counsel), for appellant.

Cecil A. Partee, State's Attorneys, of Chicago (Renee Goldfarb and William D. Carroll, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

Following a bench trial, defendant Randle Roby was found guilty of criminal damage to property, burglary, three counts of aggravated battery and armed violence and was sentenced to concurrent terms of three years for criminal damage to property, seven years for burglary, five years for three merged counts of aggravated battery and seven years for armed violence. He appeals and raises the following issues: (1) whether the trial court erroneously convicted him of multiple offenses arising from a single act; (2) whether the State failed to prove the minimum amount of damage necessary to support his conviction for felony criminal damage to property; and (3) whether the cause must be remanded for resentencing.

The uncontroverted facts in this case are that: Sheriff's Deputy Police Officer John Szymanski, who was off duty when the incident complained of occurred, was returning to his parked Buick Riviera automobile at approximately 6:30 p.m. on October 5, 1987. He was accompanied by his two children. When he approached the driver's side of his car, he saw a man seated in the driver's side crouched down with his head against the steering wheel. When Szymanski stepped back from the car, the intruder jumped out and pushed Szymanski against the adjacent car. As Szymanski pushed him back, the intruder stabbed Szymanski with a 12-inch-long screwdriver, hitting him on the nose and resulting in a hairline fracture and a cut right below his left eye necessitating two stitches. When Szymanski drew his service revolver and identified himself as a police officer, the intruder ran with Szymanski in pursuit. Unable to apprehend him, Szymanski returned to his automobile and called the police. The police conducted a further search and apprehended a man who Szymanski identified as his assailant and who is the defendant in this appeal. After Szymanski returned from the hospital for treatment of his injuries, he examined his car for damage and found the steering column was completely ripped out and the electric door locks and windows damaged. He estimated the cost of repairing the damage as in excess of $200.

Defendant admitted at trial that he tried to steal the car but denied that he intentionally inflicted injury upon Szymanski, stating that, as he was being pushed, he struck him accidentally in the course of raising his arms to block Szymanski's attack. He further admitted that he "peeled the column" and that the "left side of the column was torn up."

When sentencing defendant, the trial court stated:

"The problem in this case is that because of the finding of guilty in Count 2 [armed violence], you [defendant] are ineligible for probation. It's a Class X felony. And it's just impossible to give you probation.

But having considered the nature of the charge, the facts, together with aggravation and mitigation—considering the facts of this case, not so much the defendant's background, but the facts of the case, it indicates that the defendant struck at the complaining witness who at that particular time, according to the People's evidence, no one knew whether he was a police officer, off-duty or not. At that time, he was in civilian dress, shopping with his children. He sustained serious injury, not the debilitating serious kind. In any event, the potential for more serious injury was there. In addition, the defendant then fled the scene. When he was apprehended, he struggled with, struck out at the arresting officers and shouted at them some words to the effect that it was the other guy, I am not the guy, I didn't try to steal that car.

Fingerprints were matched against the defendant. And without a—beyond a reasonable doubt, indicated defendant was in the vehicle. When he was arrested, he did have a screwdriver in his possession. Also, the defendant, to his own testimony, did admit that he was attempting to steal the car. And he explains the injury and other matters in form which were not sufficient for this court.

The defendant is hereby sentenced to the Illinois Department of Corrections in Count 1, which is aggravated battery, five years and count 2, armed violence, seven years. Count 3 merges with count 1. Count 4 is a burglary, Class 2, seven years. Count 5 merges with count 1. Count 6 is criminal damage to property, three years."

OPINION

■■ We shall consider the issues in the order as presented by the defendant. The first issue as to whether his conviction for aggravated battery should be vacated where he was convicted of both that offense and a charge of armed violence predicated upon it need not be addressed because the State now concedes that the aggravated battery count must be vacated as having arisen out of the same physical act as that on which the armed violence conviction was based.

In his second issue, defendant contends that because the evidence

failed to establish that the value of the damage to Szymanski's car exceeded $300 (Ill. Rev. Stat. 1987, ch. 38, par. 21—1(a)) his conviction must be reduced to a misdemeanor. The State, however, argues that we can take judicial notice of the fact that the damage was at least $300 in light of the admitted testimony of the extent and nature of the damage and the estimate by Szymanski that the cost to repair was over $200.

■ Courts may take judicial notice of matters which are commonly known, or of facts which, while not generally known, are readily verifiable from sources of indisputable accuracy. (*People v. Davis* (1989), 180 Ill. App. 3d 749, 536 N.E.2d 172.) In *People v. Tassone* (1968), 41 Ill. 2d 7, 241 N.E.2d 419, a case relied on by the State, the supreme court discussed the concept of judicial notice, stating that courts do not operate in a vacuum and that they will take judicial notice of that which everyone knows to be true. The court recognized that judicial notice may be taken of the fact that property has some value, although the courts have been reluctant to take notice of any specific value. (*Tassone*, 41 Ill. 2d 7, 241 N.E.2d 419.) The court concluded that it would take judicial notice of the fact that a large tractor and trailer exceed the applicable minimum amount for felony theft, commenting that it would not take judicial notice of the exact value of the property. *Tassone*, 41 Ill. 2d 7, 241 N.E.2d 419.

This holding contrasts with that of *People v. Scott* (1978), 59 Ill. App. 3d 864, 376 N.E.2d 375, a case relied on by defendant, wherein the court determined that the holding in *Tassone* had no application to the case before it where the court was being asked to take judicial notice that a color television set that only projected black and white pictures was worth more than $150. In *Scott*, the court focused on the fact that the television was defective and that the person to whom the defendant tried to sell the television refused to pay even $100 for the set. In *Davis* (180 Ill. App. 3d 749, 536 N.E.2d 172), the appellate court held that it was improper for the court to take judicial notice of the alleged "industrial tolerance level" of a breathalyzer machine used to test the defendant's breath where the phrase "industrial tolerance level" was not defined at trial and was not a fact which was either commonly known or readily verifiable.

■ However, in this case, the evidence at trial indicated the extensive nature of the damage to Szymanski's Buick Riviera, which is a luxury model car, and he testified that the value of the damage to the car exceeded $200. To say that it is not common knowledge that the value of the damaged steering column and the electric locks on the windows and doors of a luxury model car are worth more than $300 is

to close our eyes to reality. (*Tassone*, 41 Ill. 2d 7, 241 N.E.2d 419.) We shall not close our eyes to reality, and we hold that the evidence presented as to the nature and extent of damages to Szymanski's Buick Riviera is sufficient to support defendant's conviction for felony criminal damage to property. See Ill. Rev. Stat. 1987, ch. 38, par. 21—1(a).

■ Finally, defendant contends that the cause must be remanded for resentencing because the trial court considered improper convictions for aggravated battery and felony criminal damage to property when imposing sentences for armed violence and burglary. Because we have determined that defendant's conviction for felony criminal damage to property was proper, our consideration of this issue is limited to a determination whether the vacation of his conviction for aggravated battery requires remandment for resentencing. We find that it does not. The vacation of one of several separate convictions and sentences does not necessitate a new sentencing hearing where a defendant is separately sentenced at the same hearing and where there is nothing in the record to indicate that those sentences were affected by the conviction which was ultimately vacated. (*People v. Payne* (1983), 98 Ill. 2d 45, 456 N.E.2d 44.) In the instant case defendant received separate concurrent sentences for each offense.

There is nothing in the record to indicate that the trial court was influenced by the vacated conviction. The sentence for armed violence is not less than six years and not more than 30 years. (Ill. Rev. Stat. 1987, ch. 38, pars. 33A—3, 1005—8—1(a)(3).) Defendant was sentenced to seven years. The sentence for burglary is not less than three years and not more than seven years. (Ill. Rev. Stat. 1987, ch. 38, pars. 19—1, 1005—8—1(a)(5).) Defendant was sentenced to seven years. The sentence for felony criminal damage to property is not less than one year and not more than three years. (Ill. Rev. Stat. 1987, ch. 38, pars. 21—1, 1005—8—1(a)(7).) Defendant was sentenced to three years. The sentences were within the statutorily prescribed limits and were imposed after a proper consideration of the facts and circumstances of the incident.

For the reasons stated above, the conviction and sentence for aggravated battery are vacated, and the remaining portion of the judgment is affirmed. Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request and assess defendant $50 as costs for this appeal.

Affirmed in part; vacated in part.

COCCIA, P.J., and MURRAY, J., concur.