THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARVIN BURKS, Defendant-Appellant.

First District (6th Division)    No. 1—97—2360

Opinion filed April 9, 1999.

Rita A. Fry, Public Defender, of Chicago (R.H.R. Silvertrust, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Jeremy S. Brenman, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Following a bench trial, defendant Marvin Burks was convicted of theft of property with a value greater than $300 but less than $10,000, and sentenced to four years in prison. On appeal, defendant contends that the State failed to prove the value of the property.

Chicago police officer Patrick Donovan testified that on January 9, 1997, he saw defendant, who was on top of a viaduct on the Conrail railroad yard, drop a large box down to the ground. Defendant climbed down from the viaduct and picked up the box, then saw Donovan and fled. Defendant ran into a house approximately 100 yards away and closed the door. Donovan knocked on the door, telling defendant that if he did not open it Donovan would "kick it down." Defendant brought the box with him when he came out of the house, and Donovan arrested him. Donovan testified that the box contained 120 individually packaged Old Navy T-shirts. No other evidence was presented with respect to the quality or value of the T-shirts.

Defendant testified that he saw a man drop two boxes from the viaduct. The man picked up one box and fled. Defendant admitted that he took the other box because he "was being greedy because it was just some fast money." The parties stipulated that defendant had four prior felony convictions.

The trial court found defendant guilty of felony theft but did not make any finding with respect to the value of the property.

On appeal, defendant argues that the State failed to prove that the value of the T-shirts was greater than $300. The State responds that the trial court properly inferred or took judicial notice that the value of the T-shirts was greater than $300.

■ Theft of property that does not exceed $300 in value is a Class A misdemeanor (720 ILCS 5/16—1(b)(1) (West 1996)) for which a defendant may be imprisoned for any term less than one year (730 ILCS 5/5—8—3(a)(1) (West 1996)). Theft of property that exceeds $300 in value is a Class 3 felony (720 ILCS 5/16—1(b)(4) (West 1996)), for which the sentencing range is two to five years in prison (730 ILCS 5/5—8—1(a)(6) (West 1996)). The statute further provides:

> "When a charge of theft of property exceeding a specified value is brought, the value of the property involved is an element of the offense to be resolved by the trier of fact as either exceeding or not exceeding the specified value." 720 ILCS 5/16—1(c) (West 1996).

To convict a defendant of felony theft, the State must prove that the value of the property exceeds $300. 720 ILCS 5/16—1(b) (West 1996); *People v. Furby*, 138 Ill. 2d 434, 447 (1990); *People v. Langston*, 96 Ill. App. 3d 48, 54 (1981); *People v. Scott*, 59 Ill. App. 3d 864, 866 (1978).

The State cites several cases for the proposition that the trial court may infer the property's value because it is "common knowledge" that 120 T-shirts would be worth more than $300. Of those cases, *People v. Tassone*, 41 Ill. 2d 7 (1968), is most closely on point with the case currently before us. In that case, our supreme court upheld a defendant's conviction for theft of property exceeding $150 in value although there was no direct evidence of the property's value. In doing so, the court stated that it was "common knowledge that a large tractor and trailer [were] worth more than $150." 41 Ill. 2d at 12. The *Tassone* court further held that while courts were "reluctant" to take judicial notice that property had "any specific value," a court may take notice of the fact that property has "some value." *Tassone*, 41 Ill. 2d at 12.

In *Tassone* it was readily apparent that the value of the property exceeded $150. Such is not the situation in the case at bar. Clothing varies greatly in price, dependent upon the quality and maker of the item. This disparity is such that we cannot say one could properly infer the value of the T-shirts at issue without any evidence regarding their quality, design, or price. See *Scott*, 59 Ill. App. 3d at 865-66 (finding insufficient evidence on the element of value and stating that it is not "common knowledge" that a color television that projects only black and white is worth more than $150).

In contrast to the case at bar, other cases relied upon by the State involved some evidence of the value of the property which was at issue. In *People v. Greene*, 50 Ill. App. 3d 872, 874 (1977), the victim testified that the value of plumbing fixtures and cast iron grates taken from his salvage yard was greater than $300. In *People v. Roby*, 202 Ill. App. 3d 143, 144 (1990), the victim testified that the steering column of his luxury model car was "completely ripped out" and that the electric door locks and windows were damaged. The victim estimated that the damage was "in excess of $200." We concluded that the evidence regarding the nature and extent of the damage to the car was sufficient to sustain defendant's conviction for felony theft of property exceeding $300 in value. *Roby*, 202 Ill. App. 3d at 146-47. Unlike the case at bar, these cases did not involve the absence of any evidence with respect to the element of value. Accordingly, we do not find them persuasive.

■ Therefore, for the reasons previously stated, we· reduce defendant's conviction from felony theft to misdemeanor theft and

reduce his sentence to 364 days' incarceration. 134 Ill. 2d R. 615 (b)(3), (b)(4). Recognizing that defendant has served in excess of his sentence for this offense, we hereby order the Department of Corrections to take the appropriate action, including defendant's immediate release if he is not currently incarcerated on any additional charges.

Affirmed as modified.

ZWICK and BUCKLEY, JJ., concur.