THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMY ROSS, Defendant-Appellant.

First District (5th Division)    No. 80-3134

Opinion filed December 31, 1981.

James J. Doherty, Public Defender, of Chicago (Timothy P. O'Neill, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Casimir J. Bartnik, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendant was convicted of burglary after a bench trial and was sentenced to a term of three years. On appeal, he contends that he was not found guilty beyond a reasonable doubt and that this matter should be remanded for a new sentencing hearing because no presentence report was made.

The complaining witness (Clara Morton) testified that at about 11:40 a.m., when she left her third floor apartment at 716 South Keeler, both the front and back doors were locked. Upon her return about 5 p.m., she visited her mother, who lived on the first floor, and at that time defendant lived in an apartment across the hall from her mother. At about 8 p.m., she returned to her own apartment, where she noticed a piece of the inside door latch on the floor and then saw that her stereo was missing. She immediately called her landlord, because she had left her keys with her

mother for him to check the water in her apartment; but he denied having any knowledge of the missing stereo. The police were called, and after she informed them that her stereo had been stolen, they took her in their car to the next block, where she viewed a stereo in an open trunk of a parked Cadillac. It was the only item in the trunk, and she identified it as hers because "a piece of the knob was broken, and a cloth part was torn and on the turntable I had 'Flashlight'." She testified that defendant and another man were in the Cadillac and also that in the back yard of her apartment building there were "bags of garbage, things that people I guess had thrown—emptied out."

Police officer Tencza testified that at approximately 9 p.m. he responded to a call about a burglary at 716 South Keeler, and upon his arrival observed a red Cadillac leaving that location, with objects in an open trunk. He stopped the car and defendant, who was a passenger in the car, told him the stereo equipment in the trunk was found in the alley near 716 South Keeler. While other officers stayed with the occupants of the Cadillac, Tencza went to 716 South Keeler and, after conversing with Clara Morton, drove her back to the location of the Cadillac. He testified that he had examined the stereo and noticed that the record "Flashlight" was on the turntable. Tencza identified defendant in court as the passenger he had seen in the Cadillac.

After the trial court found defendant guilty, he waived a presentence investigation report and was sentenced to three years.

OPINION

Defendant contends that he was not found guilty beyond a reasonable doubt because his conviction was based solely upon the presumption that exclusive and unexplained possession of recently stolen property is sufficient to prove burglary.

■■ Recently, in *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151, our supreme court re-evaluated its prior decisions permitting an inference of guilt from the exclusive and unexplained possession of recently stolen property, in light of the analysis of criminal presumptions in *County Court of Ulster County v. Allen* (1979), 442 U.S. 140, 60 L. Ed. 2d 777, 99 S. Ct. 2213, and it determined that without corroborating evidence "the presumption standing alone does not prove burglary beyond a reasonable doubt," for "the person in exclusive possession may be the burglar, to be sure, but he might also be a receiver of stolen property, guilty of theft but not burglary, an innocent purchaser without knowledge that the item is stolen, or even an innocent victim of circumstance." (84 Ill. 2d 415, 423, 420 N.E.2d 151, 155.) The *Housby* court further concluded that on the basis of *County Court*, the presumption does not violate due process if (1) there is a rational connection between defendant's recent possession of

property stolen in the burglary and his participation in the burglary; (2) defendant's guilt of burglary is more likely than not to flow from his recent, unexplained and exclusive possession of the proceeds; and (3) there is corroborating evidence of defendant's guilt.

Here, in determining whether the presumption was proper, we first consider whether there is a rational connection between defendant's recent possession of property stolen in the burglary and his participation in the burglary. We find the factual situation in the present case similar to that in *People v. Johnson* (1981), 96 Ill. App. 3d 1123, 422 N.E.2d 19, where the victim had been absent from her apartment from November 10 to the evening of November 11, 1979, and returned to find most of her possessions missing. The defendant in that case was subsequently found in possession of some of the victim's property on November 12. The court found there was no rational connection between defendant's possession and the burglary, noting that there was a lack of any evidence that defendant had entered the apartment; that no attempt was made by the State to prove a forcible entry; that since defendant was a stranger, he must have entered by forcible means—of which there was no evidence; and that the victim told the police she thought her landlord had taken her furniture because she was behind on her rent. In the case before us, while defendant was found in possession of stereo equipment which Clara Morton identified as hers, we are of the belief that on the basis of the facts in the record there is a question, as in *Johnson*, as to whether there was even an unauthorized, forcible entry into Clara Morton's apartment. Although she testified that she had locked both the front and back doors before leaving her apartment, she stated that upon her return a piece of the inside door latch was on the floor, but she said that she had to unlock the door and "then you had to push it kind of hard to get inside of it." Furthermore, after she noticed her stereo missing, she immediately called her landlord because she had given him permission to enter her apartment the day of the burglary in order to check the water in the apartment and had given keys to her mother to give to him for that purpose. We also note the lack of any evidence that defendant entered her apartment or that he was in the building during the hours in question.

■■ In *People v. Moore* (1981), 98 Ill. App. 3d 507, 424 N.E.2d 751, this court found the presumption of guilt properly applied where a strong rational connection was established on the basis of a close relationship in time between the burglary and possession. There, the time was a significant factor because the police arrived on a burglary in progress call and shortly thereafter found defendants in possession of the stolen goods. In the present case, it was about 9 p.m. when the police arrived in response to a call of burglary and found defendant in possession of the stereo, but the time of the burglary was never determined and could have

taken place at any time between 11:40 a.m. and 8 p.m. In light of the above, we find that the rational connection requirement of the *Housby* analysis was not satisfied.

■■ In discussing the second portion of its analysis, the *Housby* court considered factors which made it unlikely that the defendant was an innocent victim of circumstance, and in approaching this part of the test in a like manner, we too are unable to say that it is "more likely than not" that defendant's unexplained and exclusive possession of recently stolen property was the result of burglary. We note in this regard that although defendant was not alone in the car containing the stolen stereo, joint possession with others can be exclusive possession within the rule. (*People v. Wheeler* (1955), 5 Ill. 2d 474, 126 N.E.2d 228; *People v. Umphers* (1971), 133 Ill. App. 2d 853, 272 N.E.2d 278.) Here, while the car containing the missing stereo was stopped by the police shortly after they observed it leaving 716 South Keeler, we do not believe this testimony to be particularly significant since defendant lived in the same building. Moreover, although he was found in possession of the stereo a short time after the police were called, the crime could have occurred at any time during the previous nine hours. Additionally, defendant's possession was not entirely unexplained, as the police officer testified that defendant said the stereo had been found by him and the driver of the Cadillac in the alley behind 716 South Keeler, where the officer did observe debris and old furniture, and the complaining witness testified that the area was filled with garbage and things that people had emptied out.

The State, however, contends that this explanation is so implausible that it reasonably could be determined to be false, which it argues under *Housby* would be corroborative of the inferences arising from the possession. We do not believe that this alone is sufficient to satisfy the third *Housby* requirement, even assuming the first two portions of the test had been satisfied. While, in its discussion of corroborating circumstances, the *Housby* court did state that sufficient corroboration is present where the trier of fact reasonably finds defendant's explanation to be false, the statement was made in the context of a number of other corroborating factors. Here, we find the facts to be no stronger than those in *People v. Phoenix* (1981), 96 Ill. App. 3d 557, 421 N.E.2d 1022, where this court found insufficient corroboration in defendant's explanation that he had purchased the stolen property, a rototiller, from others at such a low price as to make it obvious that it had been stolen, and he and others had been seen placing the rototiller at the location where it was found by the police at an unusual time of night. As stated in *Phoenix*:

> "Under the evidence the court could have concluded beyond a reasonable doubt that the rototiller was obtained either by burglary or by purchase knowing it had been stolen. But, under the *Housby*

rule, the reasonable possibility that the property had been taken by others and sold to defendants precluded defendants' guilt of burglary from being inferred. For this reason the burglary convictions are reversed but the felony theft convictions are affirmed." 96 Ill. App. 3d 557, 560, 421 N.E.2d 1022, 1026.

■■ We do not view, as the State suggests, that *People v. Langston* (1981), 96 Ill. App. 3d 48, 420 N.E.2d 1090, and *People v. Moore*, concerning which we briefly commented above, are controlling, as the corroborative evidence of guilt was greater in each case. In *Langston*, defendant was present at the scene within the time that the burglary occurred and, when stopped by the police, he was nervous but seemed relieved when informed that the stop was for a traffic violation. Not only did he know the victim personally but he also had an opportunity to view the contents of her apartment prior to the burglary, and his explanation that he purchased the stolen goods in a parking lot behind the apartment building could be judged incredible in the light of the other evidence. In *Moore*, the police came upon defendants while responding to a burglary in progress call, and they observed defendant Madlock passing a battery charger through the door of defendant Moore's house to another person and, after noting more battery chargers, some tools, and other automotive equipment in front of the house door, they entered and found both defendants inside. In addition, the items were taken from a building separated by an alley from the Moore house where a window screen had been removed for entry, and defendants were observed by others carrying some of the items through the alley to the door of the Moore house. Here, the only significant corroborative evidence was the fact that the stereo was in the Cadillac; but, even then, it was in plain view in an open trunk, and the car in which defendant was a passenger immediately stopped upon the signal of the police.

For the above reasons, we conclude that the *Housby* requirements were not met and that defendant's guilt has not been proved beyond a reasonable doubt. Although both parties agree that *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416, requires that this cause be remanded for resentencing with a presentence report, since we reverse defendant's burglary conviction, no action need be taken concerning resentencing.

Reversed.

LORENZ and WILSON, JJ., concur.