THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOEL LEE, Defendant-Appellant.

Second District   No. 84—10

Opinion filed November 26, 1984.

G. Joseph Weller, Paul J. Glaser, and Jan K. Dargel, all of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Joel Lee, pleaded guilty to the offense of robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—1), and the circuit court of Lake County sentenced him to four years' probation, the first six months to be served in the county jail, and also required that he make certain restitution.

Subsequently, his probation was revoked, and he was sentenced to four years in the Department of Corrections, from which judgment he appeals.

The sole issue presented for review concerns the evidence presented at the hearing at which probation was revoked. The defendant contends that the State failed to prove by a preponderance of the evidence that he violated his probation because the only evidence linking him to certain burglaries came from an alleged accomplice.

At the hearing on the State's petition to revoke the defendant's probation, police officers from Zion testified that on November 1, 1983, they executed a search warrant at the defendant's residence. The warrant was obtained following a conversation with David Chaney, who had lived with the defendant and his girlfriend, Shirley Domalick. Chaney testified that on September 23, 1983, he and the defendant had broken into Kathy Hanna's house and had taken various items of property and had later left the stolen goods in the defendant's room at Shirley Domalick's house. Chaney further testified that on September 30, 1983, he and the defendant burglarized the Kraft residence and also took various items of property. According to Chaney, these items were similarly brought to Domalick's house, where she watched as the goods were put away. Chaney stated also that the defendant had telephoned him four times and asked that he testify that it was Chaney who stole the items. The defendant denied making the calls.

The defendant was identified by the officers as the man who opened the door to them when they executed the warrant. A pat-

down search of his person revealed a watch hooked to a chain. Defendant also removed a wallet, pocket watch, ring and necklace from his pockets. In addition to these articles, other property was found throughout the house and was identified as that taken in the two burglaries. When defendant was subsequently taken to the Zion police station, he denied involvement in the burglaries and said that someone had sold the property to him.

At the hearing, defendant testified that David Chaney had come to his residence in October 1983 and offered to sell him a pillowcase full of property. He stated that at the time he thought the property belonged to Chaney and his family and that Chaney was selling it because he planned to move again. He testified that his girlfriend had given him $50 to buy the property and that he promised he would pay Chaney an additional $25 in two or three weeks. Defendant further stated that when Chaney returned for the money and he did not have it, Chaney threatened to return with his father and break the defendant's windows.

Shirley Domalick also testified that Chaney had come to her house to sell various items and that she had given the defendant $50 to buy them. She said that because she was drunk on the night the house was searched she did not remember telling one of the officers that Chaney and the defendant left early one morning and returned with a computer and jewelry.

On this evidence, the defendant's probation was revoked, and he was sentenced to four years' imprisonment on the original robbery charge.

The defendant argues on appeal that David Chaney was not a credible witness because he was an accomplice who was facing charges in juvenile court at the time of the hearing. He cites *People v. Wilson* (1977), 66 Ill. 2d 346, in support of his contention. The issue in that case, however, was whether testimony by an accomplice was sufficient to sustain a verdict of guilty beyond a reasonable doubt. It is well settled that a violation of the conditions of probation need be proved only by a preponderance of the evidence. (*People v. Crowell* (1973), 53 Ill. 2d 447, 451.) Even requirements of due process have been held to be less stringent in probation revocation proceedings than those required in a criminal proceeding. (*People v. Palmer* (1979), 74 Ill. App. 3d 130.) Additionally, the *Wilson* court stated that the rule that uncorroborated accomplice testimony is a sufficient ground on which the trier may base a conviction has found almost overwhelming favor in Illinois. (*People v. Wilson* (1977), 66 Ill. 2d 346, 349.) Whether accomplice testimony, corroborated or uncorroborated,

is a satisfactory basis for a conviction goes to the weight of the evidence and is therefore in the province of the jury or court. Determination of the credibility of witnesses is a function of the trier of fact. (*People v. Wilson* (1977), 66 Ill. 2d 346, 349; *In re Lane* (1979), 71 Ill. App. 3d 576, 579.) It was only because the reasonable-doubt standard of proof was not met in *Wilson* that the decision of the lower court was reversed.

The defendant also relies on *People v. Phoenix* (1981), 96 Ill. App. 3d 557, and *People v. Ross* (1981), 103 Ill. App. 3d 883, as being analogous to the present case. In both *Phoenix* and *Ross*, the evidence supporting the defendants' convictions of burglary and theft was based upon inferences arising from their possession of property recently taken in the burglaries as well as their attempted explanation for the possession. The courts reversed the burglary convictions, relying on the decision in *People v. Housby* (1981), 84 Ill. 2d 415, which set forth the proper use of the inference as related to burglary charges. The *Housby* court explained how an inference of guilt from the exclusive and unexplained possession of recently stolen property may be properly applied without infringement upon due process rights. Applying the *Housby* principles, the *Phoenix* court concluded that the reasonable possibility that the property had been taken by others and sold to defendant, with no other supporting evidence, precluded the defendant's guilt of burglary from being inferred. (*People v. Phoenix* (1981), 96 Ill. App. 3d 557, 560.) Since the *Ross* court found the facts to be no stronger than those in *Phoenix,* it also reversed the trial court. (*People v. Ross* (1981), 103 Ill. App. 3d 883, 887.) However, it is highly significant that both cases, as in *Wilson,* dealt with the reasonable-doubt standard. To be noted is that the crime alleged in a petition to revoke probation is a separate offense. (*People v. Jones* (1980), 81 Ill. App. 3d 367.) Defendant's cited authority, therefore, would have been more applicable to the trial of the underlying offense in the present case.

The defendant also relies upon the decision in *People v. Arroyo* (1969), 112 Ill. App. 2d 480, which stated that in a probation revocation hearing, the evidence of a violation must be "clear and convincing." The *Arroyo* decision, however, preceded the supreme court's holding in *Crowell.* The *Crowell* court specifically stated that the defendant's reliance on *Arroyo* was without merit and clearly held that the quantum of proof required in proving a violation of probation was by a preponderance of the evidence.

In defendant's reply brief, he cites the recent supreme court decision in *People v. Ash* (1984), 102 Ill. 2d 485. In *Ash,* the court was

again concerned with the issue of sufficient evidence to support a finding of guilt beyond a reasonable doubt. It stated,

"[I]t is our duty, where a verdict of guilty is returned by a jury *** not only to carefully consider the evidence but to reverse the judgment if the evidence is not sufficient *to remove all reasonable doubt* of defendant's guilt and is not sufficient to create an abiding conviction that he is guilty of the crime charged." (Emphasis added.) (102 Ill. 2d 485, 492-93, quoting from *People v. Bartall* (1983), 98 Ill. 2d 294, 305-06.)

For the same reasons stated above, defendant's reliance on *Ash* is similarly misplaced.

If the State has introduced sufficient evidence to satisfy the preponderance of the evidence standard, the finding of a violation of defendant's probation must be affirmed. (*People v. Espero* (1978), 65 Ill. App. 3d 133.) It has been stated often that the trial judge who hears the evidence is in a better position to weigh the testimony of the witnesses than is the reviewing court, and a court of review will substitute its judgment for that of the trial court only when the testimony is contrary to the manifest weight of the evidence and not where the evidence is merely conflicting. *People v. Crowell* (1973), 53 Ill. 2d 447, 451-52; *People v. Guido* (1962), 25 Ill. 2d 204, 208.

A review of the evidence in the present case supports the trial court's judgment. Certain stolen items were found, not only in the defendant's possession, but on his person as well. Shirley Domalick testified that she and the defendant were planning to marry and that he had been contributing toward living expenses. She also stated that she was charged with theft arising from possession of stolen property and that she was aware that the State was prosecuting the case against her. On cross-examination, when Domalick was shown her signature indicating that she had been given the *Miranda* warnings, she claimed that she was drunk when she signed it. Despite her alleged drunkenness, however, her testimony indicated that she remembered significant details of the events in question. The State impeached Domalick's testimony with statements made by the Zion police department indicating that the defendant and David Chaney had left the apartment early on the morning of the date in question and had come back with jewelry, a camera and a computer. She was also impeached with statements at that time indicating that it was the defendant Lee and David Chaney who had committed the burglaries. Furthermore, one of the burglary victims was a woman for whom Domalick's daughter baby-sat and for whom Domalick herself had baby-sat on one occasion. Although the defendant attacks Chaney's accomplice testimony

for credibility because Chaney was not yet sentenced himself, all of the above could certainly have influenced Domalick's credibility in the eyes of the trial court. In probation revocation cases, the trial court has the duty and power to determine credibility of testimony. A trial judge is not obliged to accept the explanation of a defendant. Furthermore, any explanation by a defendant can be judged by its improbabilities. (*People v. Wadelton* (1980), 82 Ill. App. 3d 684.) Applying these principles, the evidence clearly supported the trial court's judgment.

For the reasons stated, our review of the record indicates that the trial court's decision to revoke the defendant's probation was not against the manifest weight of the evidence, and the judgment of the circuit court of Lake County is affirmed.

Affirmed.

HOPF and NASH, JJ., concur.